DENIAL OF REQUEST FOR RECUSAL
OVERTON, Justice.
Petitioner International Speedway Corporation has filed a suggestion that I recuse myself as a Justice in this cause because of my membership and participation in hearings of the Florida Constitution Revision Commission. It is asserted that, as a member of the Commission, I opposed proposals that would grant exempt status to the International Speedway Corporation leasehold. It was further asserted that I, as a commissioner, stated that under current law International Speedway Corporation leasehold interests were not entitled to tax exempt status.
As a Justice of this Court, I participated as a member of the Constitution Revision Commission, which activity is authorized by the laws of this state and the Code of Judicial Conduct. The Constitution of the State of Florida provides in Article II, Section 5(a), that any officer of the state “may be a member of a constitution revision commission.” In addition, under the Code of Judicial Conduct, Canon 4, a judicial officer is authorized to participate in executive or legislative body matters concerning the law, the legal system, and the administration of justice. In E. Wayne Thode’s Reporter’s Notes to Code of Judicial Conduct (1973) at page 74, the author makes the following comments concerning Canon 4:
[A] judge may . . . commend the present law or propose legal reform without compromising his capacity to decide impartially the very issue on which he has spoken or written. . . .
Historically, it has not been unusual for Justices to serve in a constitutional convention or on a constitution revision commission. This is illustrated by the fact that three Justices of the United States Supreme Court served as delegates to the United States Constitutional Convention, to wit, William Paterson, James Wilson, and John Blair. Further, John Jay, who was renowned as the chronicler of the convention and one of the authors of the Federalist Papers, was Chief Justice of the United States Supreme Court following that service. Justice James B. Whitfield of the Florida Supreme Court served in a similar position in the constitutional convention of 1885. From the members of the initial Florida constitutional convention of 1838, five served as Justices of the Supreme Court, Walker Anderson, Benjamin D. Wright, Thomas Baltzell, Leslie A. Thompson, and Albert G. Semmes.
In recent history, former Justices B. K. Roberts and Stephen C. O’Connell served as members of the Constitution Revision Commission that proposed the Constitution of 1968. There is no record that any of these individuals were caused to disqualify themselves from cases because of participation in a constitutional convention or commission.
With reference to the asserted comments made by me on the floor of the Commission, *419 the legal conclusions expressed were the same as those rendered by the majority of this Court in Volusia County v. Daytona Beach Racing and Recreational Facilities District, 341 So.2d 498 (Fla.1976). I had concurred in that opinion, written by Mr. Justice Hatchett. I agree with the assertion that I voted against any change in the existing constitution pertaining to this subject matter, but I do not believe that my failure to support the proposed tax exemption should disqualify me from this or any other tax exemption case.
I firmly believe that I can consider the issues in the above-styled cause based on the existing law and the existing constitution. The fact that I voted against changing the existing constitution and expressed to the Constitution Revision Commission the holding of this Court in a reported decision does not, in my view, require my disqualification. To do so would in fact prohibit judicial officers from serving not only on bodies such as the Constitution Revision Commission but could, by analogy, disqualify judges from serving on Standard Jury Instructions Committees, Court Rules Committees, or from sitting on cases which were similar to other cases on which they had ruled. It could also disqualify former members of the Legislature who are now judges from sitting on cases which involve a statute on which they voted while a member of the Legislature.
Under my oath I am bound to consider the issues of the above-styled cause fairly and impartially upon the existing case law of this state as well as the existing statutory and constitutional law whether I personally agree with it or not. In my opinion, I can properly carry out this responsibility without bias or prejudice. Therefore, I have a duty to sit and should not recuse myself from this cause. See Laird v. Tatum, 409 U.S. 824, 837, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972). Frankly, recusing myself would make it much easier since I could avoid both the responsibility of reaching a decision on this case and being involved in this controversy. My recusal, however, would set a dangerous precedent.
Under the historical and other precedents cited and for the reasons expressed, I respectfully decline to recuse myself from this cause.
It is so ordered.